FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 MAY -9 A 10: 24
CLERK
SO. DIST. OF G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EDDIE LEE BROWN, )
)
    Petitioner, ) CIVIL ACTION NO. CV205-016
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR299-55)
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eddie Lee Brown ("Brown"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 and/or a motion to modify his sentence pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(I). Respondent filed a Motion to Dismiss, and Brown filed a Traverse. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Brown was indicted in the Southern District of Georgia on three (3) counts of distributing cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), on December 9, 1999. Brown was convicted by a jury of counts two and three and acquitted of one count. On June 12, 2000, Brown was sentenced to 262 months' imprisonment, six (6) years' supervised release, and a $200 special assessment. Brown filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed his conviction and sentence. United States v. Brown, 247 F.3d 249 (11th Cir. 2001) (Table).

In his instant motion, which was filed in this Court on January 24, 2005, Brown asserts that he was not charged in the indictment with a specific quantity of drugs. Brown also asserts that there were no stipulations by the parties as to a drug quantity and that all of the drug quantities were submitted to the court through his Pre-Sentence Investigation Report. Brown alleges that the due process clause prohibits him from being sentenced based on a drug amount not included in the indictment; therefore, he should be re-sentenced at an offense level of 12.

Respondent avers that Brown's motion is untimely filed because he did not file it within one year of his conviction being final. Respondent also avers that the Supreme Court's decisions in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and Booker v. United States, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), do not apply retroactively to cases on collateral review, and, as a result, Brown is not entitled to use section 2255's "rewind provision."[1]

## DISCUSSION AND CITATION TO AUTHORITY

In 1996, pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Section 2255 to accelerate the process for filing habeas corpus petitions. This amendment sets forth a one-year statute of limitations within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2255. According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

---

[1] The "rewind provision" Respondent refers to is 28 U.S.C.A. § 2255, ¶6(3).

2

AO 72A
(Rev. 8/82)

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Brown alleges that he is entitled to be resentenced pursuant to section 2255, ¶ 6(3), which allows the applicable statute of limitations period to begin on the date a "newly recognized" right is made retroactively applicable to cases on collateral review. Brown contends that the decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), Blakely, and Booker are retroactively applicable to his case because his counsel failed to raise an Apprendi claim on appeal. Brown asserts that the trial court was without jurisdiction to impose a sentence on him, and his sentence is in excess of the maximum authorized by law. (Doc. No. 4, p. 2.) In support of this assertion, Brown cites to Blakely. (Doc. No. 4, p. 3.)

Brown was sentenced in this Court on June 12, 2000. Apprendi was decided on June 26, 2000, Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. Despite his contentions to the contrary, to allow Brown to have his requested relief pursuant to these cases would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review unless and until the Supreme Court expressly

3

states that it should be applied retroactively. In re Dean, 375 F. 3d 1287, 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)). As the Supreme Court has not done so, Apprendi and its progeny are not retroactively applicable to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Accordingly, the applicable statute of limitations did not begin to run on the dates Apprendi, Blakely, or Booker were decided. Instead, the applicable statute of limitations began to run on the date Brown's conviction became "final" within the meaning of the AEDPA.

As stated above, Brown was sentenced in this Court on June 12, 2000. Brown filed an appeal with the Eleventh Circuit, and that court affirmed his conviction and sentence on January 9, 2001. Brown had 90 days to file a petition for certiorari with the United States Supreme Court, see S. Ct. R. 13(1), which he failed to do. Thus, Brown's conviction became "final" on April 9, 2001. Brown then had one year to file a timely section 2255 motion in this Court, or until April 9, 2002. See 28 U.S.C.A. § 2255, ¶ 6(1). Brown filed the instant section 2255 motion on January 24, 2005, nearly three (3) years after the applicable statute of limitations expired. Brown's motion is untimely under section 2255.

Brown also asserts that he is entitled to his requested relief pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(I). This statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that in any case[,] the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction[.]

4

AO 72A
(Rev. 8/82)

18 U.S.C.A. § 3582(c)(1)(A)(I). First, Brown has not shown that the Director of the Bureau of Prisons has made such a motion on his behalf. Second, the Court fails to see that there are "extraordinary and compelling reasons" which would require Brown to be resentenced. This statute does not entitle Brown to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 3) be **GRANTED** and that Brown's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 and/or his motion to modify his sentence pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(I) be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

BROWN )
vs )  CASE NUMBER CV205-16
USA )  DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 5/9/05, which is part of the official record of this case.

Date of Mailing: 5/9/05

Date of Certificate  [X] same date,  or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Eddie Brown, 109276-021, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31545

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate