FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUN 15 P 12: 21
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EDDIE LEE BROWN, )
)
Petitioner, ) CIVIL ACTION NO. CV205-016
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR299-55)
)
Respondent. )

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Brown asserts that the statute of limitation applicable in this case may have been more appropriately found in 28 U.S.C.A. § 2255, ¶6(4) rather than the limitation period found in § 2255, ¶6(3). This subsection provides that the statute of limitation shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2255, ¶6(4). Brown contends that the date the Supreme Court issued its decision in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 531, 159 L. Ed.2d 403 (2004), is the date on which facts supporting his claims were discovered through the exercise of due diligence. Brown also contends that his claims would have been futile before the Blakely decision was issued on June 24, 2004. Brown avers that the Magistrate Judge failed to deny any of his allegations and attempted to demonstrate that Brown is procedurally barred from bringing his claims.

AO 72A
(Rev. 8/82)

Contrary to Brown's assertion, the <u>Blakely</u> decision does not represent a "fact" within the meaning of § 2255, ¶6(4) to support his claim that his sentence was improperly enhanced. An example of a fact within the meaning of this subsection is that a petitioner was successful in obtaining the vacatur of prior state court convictions which were used to enhance his federal sentence. See <u>Johnson v. United States</u>, ___ U.S. ___, 125 S. Ct. 1571 (Apr. 4, 2005). Brown has not shown that he is entitled to use the statute of limitation found in § 2255, ¶6(4).

The Magistrate Judge correctly found that Brown's motion, filed pursuant to § 2255, was untimely filed. Brown's untimeliness represents a procedural bar to his bringing such a motion, and, as a result, the Magistrate Judge need not have analyzed the merits of Brown's allegations.

Brown's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Brown's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2255, is **DISMISSED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this _15_ day of _June_, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)